1  **JOSEPH D. SCHLEIMER - Bar No. 125049**
**9401 Wilshire Boulevard, Suite 1250**
2  **Beverly Hills, California 90212**
**Telephone: (310) 273-9807**
3  **Telecopier: (310) 273-9809**

4  **Attorneys for Plaintiffs Jose Estrada**
**and Rene Byron Brizuela**
5

6

7                **UNITED STATES DISTRICT COURT**

8            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ESTRADA, an individual p/k/a "Skeey"; and RENE BYRON BRIZUELA, a proprietor doing d/b/a Esquavib Music and Brizz Publishing,<br><br>          Plaintiffs,<br><br>      vs.<br><br>TOYOTA MOTOR SALES U.S.A., Inc., a corporation; CONILL ADVERTISING, INC., a corporation; INVISION ENTERTAINMENT, a business entity; CHRONIC MUSIC, LLC, a corporation; ERIC CUNNINGHAM, an individual; and CHRIS LANGE, an individual; KILLER TRACKS aka KILLER TRACKS MGB NA LLC, a business entity; TONO STUDIOS, INC., a corporation; CESAR BENITEZ, an individual; CRISTOBAL GUERVERA, an individual; ENRIQUE CASTILLO, an individual;  AZTECA AMERICA, a business entity,<br><br>        Defendants. | Case No.  CV 08-05992 GAF AJWx<br><br>**JOINT SUBMISSION – "DISPUTED" JURY  INSTRUCTIONS**<br><br><br><br><br>**<ins>Pretrial Conference:</ins>**<br>Date: December 21, 2009<br>Time: 3:30 p.m.<br>Dept: 740 (Hon. Gary A. Feess)<br><br>Trial:   January 12, 2010 |

**TO THIS HONORABLE COURT:** Plaintiffs hereby make their "joint"

submission of "disputed" jury instructions:

27            Joint Submission of "Disputed" Jury Instructions and Verdict Forms
                        Case No. CV08-05992 GAF AJWx
28

# Table of Contents

("Disputed" Jury Instructions and Verdict Forms)

(All Forms Adapted from the Ninth Circuit Manual, Except as Indicated)

**1.1C  DUTY OF JURY – WRITTEN INSTRUCTIONS**          **2**

**1.2 (Modified) CLAIMS AND DEFENSES**          **4**

**1.3  BURDEN OF PROOF – PREPONDERANCE**          **6**
     **OF THE EVIDENCE**

**1.5  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**          **8**

**1.6  WHAT IS EVIDENCE**          **10**

**1.7  WHAT IS NOT EVIDENCE**          **12**

**1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE**          **14**

**1.10  RULING ON OBJECTIONS**          **16**

**1.11  CREDIBILITY OF WITNESSES**          **18**

**1.12  CONDUCT OF THE JURY**          **20**

**1.14  TAKING NOTES**          **22**

**1.18  BENCH CONFERENCES AND RECESSES**          **25**

**1.19  OUTLINE OF TRIAL**          **27**

**2.10  USE OF INTERROGATORIES OF A PARTY**          **28**

**2.11  EXPERT OPINION**          **30**

**3.1    DUTY TO DELIBERATE**          **32**

**3.2  COMMUNICATION WITH COURT**          **34**

**3.3  RETURN OF VERDICT**          **36**

**4.2  LIABILITY OF CORPORATIONS**          **38**

**4.3  LIABILITY OF PARTNERSHIPS**          **40**

**4.4  AGENT AND PRINCIPAL — DEFINITION**          **42**

**4.5   AGENT—SCOPE OF AUTHORITY DEFINED**      **44**

**4.6   ACT OF AGENT IS ACT OF PRINCIPAL**      **46**

**4.12   GENERAL PARTNERSHIP—DEFINITION**      **48**

**4.13   GENERAL PARTNERSHIP – SCOPE OF  PARTNERSHIP**      **50**
         **BUSINESS DEFINED**

**4.14   GENERAL PARTNERSHIP – ACT OF PARTNER IS**      **52**
         **ACT OF ALL PARTNERS**

**5.1   DAMAGES—PROOF**      **54**

**15.0 (Modified) PRELIMINARY INSTRUCTION — FALSE**      **56**
**ENDORSEMENT UNDER LANHAM ACT AND CLAIMS FOR**
**VIOLATION OF COMMON LAW RIGHT OF PUBLICITY AND**
**CALIFORNIA CIVIL CODE §3344**

**15(A)  – False Endorsement – Lanham Act**      **58**
     15 U.S.C. § 1125(a); <u>Downing v. Abercrombie & Fitch</u>, 265
     F.3d 994, 1007–1008 (9th cir. 2001); <u>White v. Samsung</u>
     <u>Elec. Am., Inc.</u>, 971 F.2d 1395, 1400-1401 (9th Cir.1992);
     <u>Wendt v. Host International, Inc.</u>, 125 F.3d 806, 809–814
     (9th Cir. 1997); <u>Waits v Frito-Lay, Inc.</u>, 978 F.2d 1093,
     1099-1100  (9th Cir 1992)

**15(B) – Common Law Right of Publicity**      **60**
     <u>Downing v. Abercrombie & Fitch</u>, 265 F.3d 994, 1001 (9th
     Cir.2001); <u>White v. Samsung Elec. Am., Inc.</u>, 971 F.2d
     1395, 1400-1401 (9th Cir.1992); <u>Midler v. Ford Motor Co.</u>,
     849 F.2d 460, 462 (9th Cir. 1988), *cert. denied,* 112 S.Ct.
     1513, 1514 (1992); <u>Browne v. McCain</u>, 611 F.Supp.2d
     1062, 1069 (C.D.Cal., 2009); <u>Eastwood v. Superior Court</u>
     (1983) 149 Cal.App.3d 409

**15(C) – Violation of California Civil Code §3344**      **62**
     California Civil Code §3344; * <u>Newcombe v. Adolf Coors</u>
     <u>Co.</u>, 157 F.3d 686, 691–692 (9th Cir. 1998)

**15.26 (Modified) DAMAGES—DEFENDANT'S PROFITS**      **64**
     California Civil Code §3344

**17.1   COPYRIGHT—DEFINED (Modified)**      **66**
     17 U.S.C. § 106

**17.2   COPYRIGHT—SUBJECT MATTER—GENERALLY**      **68**
     17 U.S.C. §102

**17.4   COPYRIGHT INFRINGEMENT – ELEMENTS –**

**OWNERSHIP AND COPYING**                                          **70**
        17 U.S.C. § 501(a)–(b)

**17.5   COPYRIGHT INFRINGEMENT – OWNERSHIP OF VALID     72
        COPYRIGHT—DEFINITION (Modified)**
        17 U.S.C. §§ 201–205

**17.13  COPYRIGHT INTERESTS—DERIVATIVE WORK             74**
        17 U.S.C. §§ 101, 106(2)

**17.22  COPYRIGHT—DAMAGES                               76**
        17 U.S.C. § 504

**17.23  COPYRIGHT—DAMAGES—ACTUAL DAMAGES               78**
        17 U.S.C. § 504(b)

**17.24  COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS          80**
        17 U.S.C. § 504(b)

**17.27  COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT         82**
        17 U.S.C. § 504(c)(2)

**1.1C  DUTY OF JURY – WRITTEN INSTRUCTIONS (Proposed by Plaintiffs)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1    **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.1C:**

2         Defendants neither objected to, nor stipulated, to this instruction. See,

3    Declaration re Noncooperation of Counsel, filed concurrently herewith.

**1.2 (Modified) CLAIMS AND DEFENSES (Proposed by Plaintiffs)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claims that defendants infringed their copyright in the musical work La Bomba!  Plaintiff Jose Estrada also claims that certain defendants infringed his common law right of publicity, violated California Civil Code §3344, and violated the Lanham Act through creating the impression of a "false endorsement.  The plaintiffs have the burden of proving these claims.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1  **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.2:**

2         Defendants neither objected to, nor stipulated, to this instruction. See,

3  Declaration re Noncooperation of Counsel, filed concurrently herewith.

1
**1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2
**(Proposed by Plaintiffs)**

3
When a party has the burden of proof on any claim [or affirmative

4
defense] by a preponderance of the evidence, it means you must be persuaded

5
by the evidence that the claim [or affirmative defense] is more probably true

6
than not true.

7
You should base your decision on all of the evidence, regardless of

8
which party presented it.

9

10
Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.3:**

  Defendants neither objected to, nor stipulated, to this instruction. See, Declaration re Noncooperation of Counsel, filed concurrently herewith.

**1.5  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS (Proposed by Plaintiffs)**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.5:**

2

Defendants neither objected to, nor stipulated, to this instruction. See,

3

Declaration re Noncooperation of Counsel, filed concurrently herewith.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.6  WHAT IS EVIDENCE  (Proposed by Plaintiffs)**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.6:**

Defendants neither objected to, nor stipulated, to this instruction. See, Declaration re Noncooperation of Counsel, filed concurrently herewith.

**1.7  WHAT IS NOT EVIDENCE  (Proposed by Plaintiffs)**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.7:**

Defendants neither objected to, nor stipulated, to this instruction. See, Declaration re Noncooperation of Counsel, filed concurrently herewith.

**1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE  (Proposed by Plaintiffs)**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.9:**

Defendants neither objected to, nor stipulated, to this instruction. See, Declaration re Noncooperation of Counsel, filed concurrently herewith.

1   **1.10  RULING ON OBJECTIONS  (Proposed by Plaintiffs)**

2           There are rules of evidence that control what can be received into

3   evidence.  When a lawyer asks a question or offers an exhibit into evidence

4   and a lawyer on the other side thinks that it is not permitted by the rules of

5   evidence, that lawyer may object.  If I overrule the objection, the question may

6   be answered or the exhibit received.  If I sustain the objection, the question

7   cannot be answered, and the exhibit cannot be received.  Whenever I sustain

8   an objection to a question, you must ignore the question and must not guess

9   what the answer might have been.

10          Sometimes I may order that evidence be stricken from the record and

11  that you disregard or ignore the evidence.  That means that when you are

12  deciding the case, you must not consider the evidence that I told you to

13  disregard.

20  Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.10:**

Defendants neither objected to, nor stipulated, to this instruction. See, Declaration re Noncooperation of Counsel, filed concurrently herewith.

**1.11  CREDIBILITY OF WITNESSES  (Proposed by Plaintiffs)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1

2   **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.11:**

3        Defendants neither objected to, nor stipulated, to this instruction.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**1.12  CONDUCT OF THE JURY  (Proposed by Plaintiffs)**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with

1    it; do not do any research, such as consulting dictionaries, searching the

2    Internet or using other reference materials; and do not make any investigation

3    or in any other way try to learn about the case on your own.

4         The law requires these restrictions to ensure the parties have a fair trial

5    based on the same evidence that each party has had an opportunity to

6    address.  A juror who violates these restrictions jeopardizes the fairness of

7    these proceedings[, and a mistrial could result that would require the entire

8    trial process to start over].  If any juror is exposed to any outside information,

9    please notify the court immediately.

10

11   Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1  **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.12:**

2      Defendants neither objected to, nor stipulated, to this instruction.

**1.14  TAKING NOTES  (Proposed by Plaintiffs)**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1  **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.14:**

2  Defendants neither objected to, nor stipulated, to this instruction.

**1.18  BENCH CONFERENCES AND RECESSES  (Proposed by Plaintiffs)**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1 **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 1.18:**

2   Defendants neither objected to, nor stipulated, to this instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1  **1.19  OUTLINE OF TRIAL  (Proposed by Plaintiffs)**

2       Trials proceed in the following way:  First, each side may make an

3  opening statement.  An opening statement is not evidence.  It is simply an

4  outline to help you understand what that party expects the evidence will

5  show.  A party is not required to make an opening statement.

6       The plaintiff will then present evidence, and counsel for the defendant

7  may cross-examine.  Then the defendant may present evidence, and counsel

8  for the plaintiff may cross-examine.

9       After the evidence has been presented, I will instruct you on the law

10  that applies to the case and the attorneys will make closing arguments.

11       After that, you will go to the jury room to deliberate on your verdict.

14  Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1  **2.10  USE OF INTERROGATORIES OF A PARTY  (Proposed by Plaintiffs)**

2         Evidence [will now be] [was] presented to you in the form of answers of

3  one of the parties to written interrogatories submitted by the other side.

4  These answers [have been] [were] given in writing and under oath, before the

5  actual trial, in response to questions that were submitted in writing under

6  established court procedures.  You should consider the answers, insofar as

7  possible, in the same way as if they were made from the witness stand.

8

9

10  Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1    **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 2.10:**

2    Defendants neither objected to, nor stipulated, to this instruction.

1 **2.11  EXPERT OPINION  (Proposed by Plaintiffs)**

2     Some witnesses, because of education or experience, are permitted to

3 state opinions and the reasons for those opinions.

4     Opinion testimony should be judged just like any other testimony. You

5 may accept it or reject it, and give it as much weight as you think it deserves,

6 considering the witness's education and experience, the reasons given for the

7 opinion, and all the other evidence in the case.

8

9

10

11 Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 2.11:**

Defendants neither objected to, nor stipulated, to this instruction.

**3.1  DUTY TO DELIBERATE  (Proposed by Plaintiffs)**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 3.1:**

Defendants neither objected to, nor stipulated, to this instruction.

**3.2  COMMUNICATION WITH COURT  (Proposed by Plaintiffs)**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1 **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 3.2**

2    Defendants neither objected to, nor stipulated, to this instruction.

**3.3  RETURN OF VERDICT  (Proposed by Plaintiffs)**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

1  **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 3.3:**

2      Defendants neither objected to, nor stipulated, to this instruction.

**4.2  LIABILITY OF CORPORATIONS  (Proposed by Plaintiffs)**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1  **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 4.2:**

2  Defendants neither objected to, nor stipulated, to this instruction.

1 | **4.3  LIABILITY OF PARTNERSHIPS  (Proposed by Plaintiffs)**

2 | A partnership can only act through its employees, agents, or partners.

3 | Therefore, a partnership is responsible for the acts of its employees, agents,

4 | and partners performed within the scope of authority.

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 4.3:**

Defendants neither objected to, nor stipulated, to this instruction.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1 **4.4  AGENT AND PRINCIPAL — DEFINITION  (Proposed by Plaintiffs)**

2        An agent is a person who performs services for another person under an

3 express or implied agreement and who is subject to the other's control or right

4 to control the manner and means of performing the services.  The other

5 person is called a principal.  One may be an agent without receiving

6 compensation for services.  The agency agreement may be oral or written.

1   **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 4.4:**

2       Defendants neither objected to, nor stipulated, to this instruction.

10   Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

**4.5  AGENT—SCOPE OF AUTHORITY DEFINED  (Proposed by Plaintiffs)**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 4.5:**

Defendants neither objected to, nor stipulated, to this instruction.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

Case 2:08-cv-05992-GAF-AJW   Document 139   Filed 12/07/09   Page 49 of 87   Page ID #:3062

**4.6  ACT OF AGENT IS ACT OF PRINCIPAL  (Proposed by Plaintiffs)**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

1    **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 4.6:**

2          Defendants neither objected to, nor stipulated, to this instruction.

1    **4.12  GENERAL PARTNERSHIP—DEFINITION  (Proposed by Plaintiffs)**

2          A partnership is an association of two or more persons to carry on a

3    business as co-owners.  The members of a partnership are called partners.

1    **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 4.12:**

2    Defendants neither objected to, nor stipulated, to this instruction.

**4.13  GENERAL PARTNERSHIP—SCOPE OF  PARTNERSHIP BUSINESS DEFINED  (Proposed by Plaintiffs)**

A partner is acting within the scope of the partnership business when doing anything which is either expressly or impliedly authorized by the partnership or which is in furtherance of the partnership business.

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 4.13:**

Defendants neither objected to, nor stipulated, to this instruction.

**4.14   GENERAL PARTNERSHIP—ACT OF PARTNER IS ACT OF ALL PARTNERS  (Proposed by Plaintiffs)**

An act or omission of a partner within the scope of the partnership business is the act or omission of all partners.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1   **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 4.14:**

2       Defendants neither objected to, nor stipulated, to this instruction.

**5.1  DAMAGES—PROOF  (Proposed by Plaintiffs)**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: *Manual of Model Jury Instructions for the Ninth Circuit*

1    **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 5.1:**

2          Defendants neither objected to, nor stipulated, to this instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**15.0 (Modified) PRELIMINARY INSTRUCTION — FALSE ENDORSEMENT UNDER LANHAM ACT AND CLAIMS FOR VIOLATION OF COMMON LAW RIGHT OF PUBLICITY AND CALIFORNIA CIVIL CODE §3344  (Proposed by Plaintiffs)**

Plaintiff Jose Estrada seeks damages against certain defendants for violation of the Lanham Act through "false endorsement," infringement of the Right of Publicity, violation of the common law Right of Publicity, and unfair competition. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

THE PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Jose Estrada contends that defendants Toyota Motor Sales U.S.A., Inc., Conill Advertising, Inc., Tono Studios, Inc., Universal Music – MGB NA LLC a/k/a Killer Tracks, Chronic Music, LLC, Chris Lang a/k/a Cristobal Guervera, Eric Cunningham a/k/a Enrique Castillo, and Cesar Benitez have violated the Lanham Act through "false endorsement," violated the common law "Right of Publicity," and violated California Civil Code §3344.

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 15.0:**

Defendants neither objected to, nor stipulated, to this instruction.

**15(A)  – False Endorsement – Lanham Act  (Proposed by Plaintiffs)**

To prevail under the Lanham Act on his "false endorsement" claim, Plaintiff Estrada has the burden of proving by a preponderance of the evidence that his voice was used in a commercial advertisement in such a manner as to create the substantial probability of public confusion that Mr. Estrada endorsed the product being advertised. Some of the factors relevant to this determination are:

      1.  the level of recognition that the plaintiff has among the segment of the society for whom the defendant's product is intended;

      2.  the relatedness of the fame or success of the plaintiff to the defendant's product;

      3.  evidence of actual confusion;

      4.  marketing channels used;

      5.  likely degree of purchaser care;

      6.  defendant's intent on selecting the plaintiff; and

Although these are all factors that are appropriate for consideration in determining the likelihood of confusion, they are not necessarily of equal importance, nor do they necessarily apply to every case.

Authorities:  15 U.S.C. § 1125(a); <u>Downing v. Abercrombie & Fitch</u>, 265 F.3d 994, 1007–1008 (9th cir. 2001); <u>White v. Samsung Elec. Am., Inc.</u>, 971 F.2d 1395, 1400-1401 (9th Cir.1992); <u>Wendt v. Host International, Inc.</u>, 125 F.3d 806, 809–814 (9th Cir. 1997); <u>Waits v Frito-Lay, Inc.</u>, 978 F.2d 1093, 1099-1100  (9th Cir 1992).

1

2  **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 15(A):**

3  Defendants neither objected to, nor stipulated, to this instruction.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**15(B) – Common Law Right of Publicity  (Proposed by Plaintiffs)**

To prevail on his claim for violation of the common law Right of Publicity, Plaintiff Estrada must prove through a preponderance of the evidence:

(1) the defendant's use of the plaintiff's identity;

(2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise;

(3) lack of consent; and

(4) resulting injury.'

Plaintiff may prove the use of his identity by proving the identifiable use of his voice.

Authorities:  Downing v. Abercrombie & Fitch, 265 F.3d 994, 1001 (9th Cir.2001); White v. Samsung Elec. Am., Inc., 971 F.2d 1395, 1400-1401 (9th Cir.1992); Midler v. Ford Motor Co., 849 F.2d 460, 462 (9th Cir. 1988), *cert. denied,* 112 S.Ct. 1513, 1514 (1992) Browne v. McCain, 611 F.Supp.2d 1062, 1069 (C.D.Cal., 2009); Eastwood v. Superior Court (1983) 149 Cal.App.3d 409

1

2

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 15(B):**

Defendants neither objected to, nor stipulated, to this instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**15(C) – Violation of California Civil Code §3344  (Proposed by Plaintiffs)**

To prevail on his claim for violation of California Civil Code section 3344,  Plaintiff Estrada must prove through a preponderance of the evidence that his voice was used in a recognizable way in a commercial advertisement without his permission.

Authority: <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 691–692 (9th Cir. 1998)

1    **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 15(C):**

2    Defendants neither objected to, nor stipulated, to this instruction.

**15.26 (Modified) DAMAGES—DEFENDANT'S PROFITS  (Proposed by Plaintiffs)**

In addition to actual damages, the plaintiff is entitled to any profits earned by the defendant that are attributable to the false endorsement or violation of Civil Code §3344 which the plaintiff proves by a preponderance of the evidence.  You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of defendant's receipts from the false endorsement or violation of Civil Code §3344. The plaintiff has the burden of proving a defendant's gross revenue by a preponderance of the evidence.

Expenses are all costs incurred in producing the gross revenue.  The defendant has the burden of proving the expenses and the portion of the profit attributable to factors other than the infringement or violation, by a preponderance of the evidence.

Unless you find that a portion of the profits are attributable to factors other than the false endorsement or violation of the right of publicity, you shall find that the total profit is attributable to the infringement.

Authority: California Civil Code §3344

1    **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No.**

2    **15.26:** Defendants neither objected to, nor stipulated, to this instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**17.1   COPYRIGHT—DEFINED (Modified)  (Proposed by Plaintiffs)**

Copyright is the exclusive right to copy, broadcast, distribute, make derivative works. or distribute.  This right includes the exclusive right to "copy," which incudes doing the following, or authorizing or causing others to do the following:

(1)    Making additional copies, or otherwise reproducing the copyrighted work digitally, in CDs or other phonorecords;

(2)    Preparing a derivative work based upon the copyrighted work;

(3)    Performing publicly the lyrics to a copyrighted musical work, including performance in a broadcast medium or on the Internet;'

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work. In general, copyright law protects against production, adaptation, distribution, or performance of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.  Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

Authority: 17 U.S.C. § 106

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 17.1:**

Defendants neither objected to, nor stipulated, to this instruction.

**17.2  COPYRIGHT—SUBJECT MATTER—GENERALLY  (Proposed by Plaintiffs)**

The work involved in this trial is known as a musical work, which includes any accompanying words.

Authority: 17 U.S.C. §102

1   **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 17.2:**

2       Defendants neither objected to, nor stipulated, to this instruction.

1  **17.4  COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND**
2  **COPYING  (Proposed by Plaintiffs)**

3      Anyone who "copies" original elements of a copyrighted work during the
4  term of the copyright without the owner's permission infringes the copyright.

5      On the plaintiff's copyright infringement claim, the plaintiff has the
6  burden of proving both of the following by a preponderance of the evidence:

7      1.      the plaintiff is the owner of a valid copyright; and

8      2.      the defendant "copied" original elements from the copyrighted
9  work.

10      If you find that the plaintiff has proved both of these elements, your
11  verdict should be for the plaintiff.  If, on the other hand, the plaintiff has
12  failed to prove either of these elements, your verdict should be for the
13  defendant.

14

15  Authority:  17 U.S.C. § 501(a)–(b)

1    **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 17.4:**

2         Defendants neither objected to, nor stipulated, to this instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**17.5   COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION (Modified) (Proposed by Plaintiffs)**

The plaintiffs are the legal and beneficial (royalty interest) owners of a valid copyright in *La Bomba!* if the plaintiffs prove by a preponderance of the evidence that:

      1.   the plaintiffs' work is original; and

      2   the plaintiffs are the authors or creators of the work.

Authority:   17 U.S.C. §§ 201–205

1   **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No. 17.5:**

2      Defendants neither objected to, nor stipulated, to this instruction.

**17.13  COPYRIGHT INTERESTS—DERIVATIVE WORK  (Proposed by Plaintiffs)**

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as a musical arrangement, or any other form in which the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

Authority: 17 U.S.C. §§ 101, 106(2)

1  **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No.**

2  **17.13:**   Defendants neither objected to, nor stipulated, to this instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**17.22  COPYRIGHT—DAMAGES (Proposed by Plaintiffs)**

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages.  The plaintiff is entitled to recover the actual damages suffered as a result of the infringement.  In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement.  The plaintiff must prove damages by a preponderance of the evidence.

Authority:  17 U.S.C. § 504

**Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No.**

**17.22:**   Defendants neither objected to, nor stipulated, to this instruction.

**17.23  COPYRIGHT—DAMAGES—ACTUAL DAMAGES  (Proposed by Plaintiffs)**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages may be calculated by determining the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work.  That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

Authority:  17 U.S.C. § 504(b)

1   **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No.**

2   **17.23:**  Defendants neither objected to, nor stipulated, to this instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**17.24  COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS  (Proposed by Plaintiffs)**

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal nexus between the infringement and the profits generated indirectly from the infringement and defendant's gross revenue.

The defendant's profit is determined by deducting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the use of the allegedly infringing work or the sale of a product containing or using the copyrighted work or the sale of a product resulting from the use of the infringement in a commercial advertisement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all costs incurred in producing the defendant's gross revenue.  The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use or sale of a product is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

Authority:  17 U.S.C. § 504(b)

1   **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No.**

2   **17.24:**  Defendants neither objected to, nor stipulated, to this instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**17.27  COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT  (Proposed by Plaintiffs)**

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

      1.    the defendant engaged in acts that infringed the copyright; and

      2.    the defendant knew that those acts infringed the copyright.

Authority:  17 U.S.C. § 504(c)(2)

1    **Defendant's Response to Plaintiffs' [Proposed] Jury Instruction No.**

2    **17.27:**  Defendants neither objected to, nor stipulated, to this instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1    Respectfully submitted,

2    DATED: 12/7/09                    JOSEPH D. SCHLEIMER
                                       ATTORNEY AT LAW
3

4

5
                                       BY:___/s/_____
6                                      JOSEPH D. SCHLEIMER, Attorney
                                       for Plaintiffs Jose Estrada and
7                                      Rene Byron Brizuela

8    DATED:                            CALDWELL LESLIE AND PROCTOR
9

10
                                       BY:_____/ns/_____
11                                     LINDA BURROW, Attorneys for Defendants
                                       Universal Music – MGB NA LLC,
12                                     Toyota Motor Sales U.S.A., Inc., Tono
                                       Studios, Inc. and Conill Advertising, Inc.
13
     DATED:                            K&L GATES
14

15

16
                                       BY:___/ns/_____
17                                     Christopher J. Condon, Esq., Attorneys
                                       for Defendant Azteca International, Inc.
18
     DATED:                            LOPEZ & ASSOCIATES
19

20
                                       BY:____/ns/_____
21                                     Anthony R. Lopez, Esq.,  Attorneys for
                                       Defendant Cesar Benitez
22

23   DATED:                            ALEJANDRO MENCHACA

24
                                       BY:___/ns/_____
25                                     Alejandro Menchaca, Attorney for
                                       Defendants Chronic Music, LLC,
26                                     Chris Lang and Eric Cunningham

27   Joint Submission of "Disputed" Jury Instructions and Verdict Forms
                        Case No. CV08-05992 GAF AJWx
28                                    -84-